DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAVELLE DONTAVIOUS CUNNINGHAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-2222

[March 25, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562023CF001458AXXXXX.

Daniel Eisinger, Public Defender, and Devin Johnson, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

*ON CONFESSION OF ERROR*

PER CURIAM.

The only issue raised on appeal is appellant's challenge to the denial of his motion to correct sentencing error. Appellant claims costs and fees imposed in the written final judgment are duplicative and conflict with the trial court's oral pronouncement. The state concedes error, and we agree. As such, we reverse and remand for the trial court to strike the duplicative assessments.

Pursuant to a plea for violation of community control, appellant agreed to assessments of $100 for cost of prosecution, a $100 public defender fee, and a $50 public defender application fee. The trial court orally imposed these amounts at sentencing. However, the written final judgment imposed duplicative costs and fees, including two assessments for cost of prosecution in the amounts of $200 and $100, two $100 assessments for public defender fee, and two $50 assessments for public defender application fee. The trial court denied appellant's motion to correct

sentencing error, finding that the costs and fees were not duplicative but rather included previous costs and fees from the original sentencing that were still outstanding.

We agree with the state's confession of error and find that the duplicative costs and fees must be stricken. In denying the motion to correct sentencing error, the trial court found that the written judgment incorporated previous costs and fees from the original sentencing order that were still outstanding. However, the court in *Chivese v. State*, 295 So. 3d 324 (Fla. 5th DCA 2020), rejected this argument. In *Chivese*, the trial court entered two separate costs judgments: the first when probation was originally imposed and the second when probation was revoked. *Id.* at 326. In the second cost judgment, the trial court included the amount from the original cost judgment. *Id.* The Fifth District found that the original cost of prosecution and public defender fees had to be stricken because they were "duplicative of charges imposed in the initial cost judgment entered in the case, which remains outstanding." *Id.* Like in *Chivese*, here the inclusion of previously imposed fees and costs was improper.

Additionally, the trial court's written judgment, which imposed duplicative assessments, conflicted with its oral pronouncement, which did not impose duplicative assessments. "Where a trial court's written sentencing order conflicts with the oral pronouncement, the oral pronouncement controls." *Santiago v. State*, 133 So. 3d 1159, 1167 (Fla. 4th DCA 2014).

Accordingly, we reverse and remand for the trial court to strike the $200 cost of prosecution, one of the $100 public defender fees, and one of the $50 public defender application fees. Appellant need not be present for this correction. *See Stephenson v. State*, 368 So. 3d 5, 6 (Fla. 4th DCA 2023).

*Reversed and remanded with instructions.*

LEVINE, CONNER and KLINGENSMITH, JJ., concur.

\*  \*  \*

**Not final until disposition of timely-filed motion for rehearing.**